UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:12-CR-20-BR
NO. 5:15-CV-526-BR

| | |
|---|---|
| BRANDON INGRAM | ) |
| | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA | ) |
| | ) |

This matter is before the court on the government's motion to dismiss petitioner's remaining 28 U.S.C. § 2255 claim, (DE # 148), and petitioner's motion for reconsideration of U.S. Magistrate Judge James E. Gates's order filed 14 December 2016, (DE # 159).

## I. BACKGROUND

In 2012, a jury convicted petitioner of one count of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and a quantity of cocaine, three counts of distribution of cocaine, and one count of distribution of crack; he was found not guilty of using and carrying a firearm during a drug trafficking crime. The court sentenced him to a total term of 360 months imprisonment.

After exhausting his direct appellate rights, petitioner timely filed *pro se* a § 2255 motion raising ineffective assistance of counsel claims. (DE # 122.) The government filed a motion to dismiss. Petitioner, through counsel, filed an amended § 2255 motion, incorporating by reference petitioner's initial § 2255 motion and adding a claim challenging his career offender sentencing enhancement based on Johnson v. United States, 135 S. Ct. 2551 (2015). (DE # 137.) The court denied the motion to dismiss, (DE # 138), and the government subsequently

filed a motion to dismiss or, alternatively, for summary judgment on petitioner's ineffective assistance of counsel claims and to place in abeyance petitioner's Johnson claim, (DE # 140). Petitioner filed *pro se* a motion for an extension of time to file a response to the government's motion. (DE # 144.) Because petitioner was represented by counsel at the time, Judge Gates denied the *pro se* motion. (DE # 145.) Petitioner's counsel did not file a motion for an extension of time or a response to the government's motion, and the Clerk submitted the government's motion to the court for ruling.

Several months later, petitioner's counsel filed a motion to withdraw in light of Beckles v. United States, 137 S. Ct. 886 (2017). (DE # 146.) Shortly thereafter, the court granted the government's motion for summary judgment on petitioner's ineffective assistance of counsel claims, found the government's request to place in abeyance petitioner's Johnson claim moot in light of Beckles, and directed the government to file an answer or other response to petitioner's Johnson claim. (DE # 147.) By text order, the court granted the motion to withdraw of petitioner's counsel. (4/13/17 Order.)

The government then filed the instant motion to dismiss petitioner's Johnson claim. The Clerk provided notice to petitioner of the motion and the date by which he must file any material in opposition to the motion. (DE # 152.) Petitioner filed a motion for an extension of time to respond to the motion, (DE # 155), which the Clerk granted, allowing petitioner until 10 August 2017 to file any response, (DE # 156). On 23 August 2017, petitioner filed the instant motion for reconsideration of Judge Gates's order denying petitioner's *pro se* motion for an extension of time to respond to the government's motion to dismiss or, alternatively, for summary judgment. To date, petitioner has not filed a response to the government's motion to dismiss petitioner's

2

Johnson claim.

## II. DISCUSSION

The court considers first the government's motion to dismiss petitioner's Johnson claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See United States v. Reckmeyer, 900 F.2d 257 (4th Cir.1990) (unpublished) ("We agree that a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition." (footnote omitted)).

In his amended § 2255 motion, petitioner contends that in light of Johnson, two of his North Carolina convictions are not crimes of violence for purposes of the career offender sentencing guideline, U.S.S.G.§ 4B1.2, and therefore, he was sentenced erroneously. In Johnson, the Court held that the residual clause in the violent felony definition of the Armed Career Criminal Act was unconstitutionally vague. United States v. Lee, 855 F.3d 244, 246 (4th Cir. 2017). However, applying Beckles, the Fourth Circuit has recognized that "*Johnson*'s vagueness holding does not apply to the residual clause in § 4B1.2(a)(2)." Id. at 247 (citing Beckles, 137 S. Ct. at 892). Accordingly, petitioner's claim based on Johnson fails.

As for petitioner's motion for reconsideration of the order denying his *pro se* requested extension of time, he requests that the court set aside the order allowing the government's motion

for summary judgment because counsel represented him only on the Johnson claim. He also requests that the court permit him to file a response to the government's motion to dismiss or, alternatively, for summary judgment. The court must evaluate whether Judge Gates's order is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A). Judge Gates's conclusion that counsel represented petitioner on all claims was not in error. Counsel filed the amended § 2255 motion on behalf of petitioner, and by incorporating the original claims within the amended motion, she gave the impression that she would represent petitioner on those claims. Counsel still represented petitioner at the time of Judge Gates's order. Although the court will not reconsider Judge Gates's order, the court will permit petitioner to file any additional documents relevant to his ineffective assistance of counsel claims in his original § 2255 motion and will reconsider its summary judgment order in light of any such documents.

### III. CONCLUSION

For the foregoing reasons, the government's motion to dismiss is ALLOWED, and petitioner's Johnson claim is DISMISSED. Petitioner's motion for reconsideration is ALLOWED IN PART and DENIED IN PART. Within 30 days, petitioner may file documents relevant to the ineffective assistance of counsel claims in his original § 2255 motion, including a response to the government's motion for summary judgment on those claims. Within 30 days of service of petitioner's documents, the government may file a responsive brief and documents. If any such documents are filed, the court will then reconsider its summary judgment order. If

no such documents are filed, the court will direct the Clerk to enter judgment against petitioner.

This 23 January 2018.

_____
W. Earl Britt
Senior U.S. District Judge