UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:12-CR-20-BR
NO. 5:15-CV-526-BR

| | |
|---|---|
| BRANDON INGRAM | ) |
| | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA | ) |
| | ) |

This matter is before the court on petitioner's "amended reply to the government's motion to dismiss and oposition [sic] to title 28 U.S.C. § 2255," (DE # 163), and the government's response, (DE # 164).

By way of relevant background, in 2015 and after a jury convicted him of five controlled substance offenses, petitioner timely filed *pro se* a § 2255 motion raising multiple ineffective assistance of counsel claims. (DE # 122.) With the assistance of appointed counsel, petitioner filed an amended § 2255 motion, incorporating by reference those claims asserted in the original § 2255 motion and adding a claim challenging his career offender sentencing enhancement based on Johnson v. United States, 135 S. Ct. 2551 (2015). (DE # 137.) In response, the government filed a motion to dismiss or, alternatively, for summary judgment on petitioner's ineffective assistance of counsel claims and to place in abeyance petitioner's Johnson claim. (DE # 140.) Petitioner filed *pro se* a motion for an extension of time to file a response to the government's motion, (DE # 144); however, because petitioner was represented by counsel at the time, U.S. Magistrate Judge James Gates denied the *pro se* motion, (DE # 145).

Several months later, petitioner's counsel filed a motion to withdraw in light of Beckles

v. United States, 137 S. Ct. 886 (2017). (DE # 146.) Shortly thereafter, the court granted the government's motion for summary judgment on petitioner's ineffective assistance of counsel claims, found the government's request to place in abeyance petitioner's Johnson claim moot in light of Beckles, and directed the government to file an answer or other response to petitioner's Johnson claim. (DE # 147.) By text order, the court granted the motion to withdraw of petitioner's counsel. (4/13/17 Order.) Subsequently, on the government's motion, the court dismissed petitioner's Johnson claim. (DE # 160.) In that same order, on petitioner's request for reconsideration of Judge Gates's order denying petitioner's *pro se* motion for an extension of time to respond to the government's motion to dismiss or, alternatively, for summary judgment, the court permitted petitioner to file any additional documents relevant to his ineffective assistance of counsel claims in his original § 2255 motion and stated the court would reconsider its summary judgment order in light of any such documents. (Id.) The instant documents were filed in response to that order.

The information petitioner provides in his recent reply pertains only to his ineffective assistance of counsel claims based on counsel's failure to (1) advise the court that there was a total breakdown in communication and (2) present any defense during trial. Specifically, petitioner claims, contrary to counsel's affidavit, counsel did not meet with him nine times at the jail. Petitioner also summarizes the statements he made during the 4 September 2012 hearing on his *pro se* motion to dismiss counsel.[1] In addition, petitioner provides the 30 September 2015 affidavit of Bruce Douglas and argues that counsel's failure to call any witnesses for the defense was not a strategic decision because counsel had not contacted any potential witness to

---
[1] The court denied the motion to dismiss counsel, and the Fourth Circuit Court of Appeals affirmed, (DE # 119).

learn what the witness might say.

The court agrees with the government that petitioner's submissions do not undermine the court's summary judgment ruling on petitioner's ineffective assistance of counsel claims. Even accepting that counsel may have met in person with petitioner fewer than nine times does not change the court's conclusions that a complete breakdown in communication did not occur and that counsel adequately investigated and prepared the case for trial. The statements petitioner made at the 4 September 2012 hearing and Douglas's affidavit, all of which were in the record when the court ruled on petitioner's ineffective assistance of counsel claims, similarly do not alter the court's prior conclusions.

Finally, counsel is not necessarily required to contact a witness prior to making a reasonable strategic determination that the witness should not be called at trial. As the court previously recognized, petitioner's trial counsel declared that he and co-counsel considered calling potential trial witnesses. (4/11/17 Order, DE # 147, at 9.) They reviewed the potential witnesses' criminal records and histories, in conjunction with the statements of cooperating witnesses/co-conspirators, and determined that the potential witnesses "'would not be helpful and may actually cause more harm to Petitioner's case.'" (Id. (citation omitted)). The court concluded "counsel made a reasonable strategic decision not to call witnesses for the defense," and counsel's performance was not deficient. (Id. at 10.) The court stands by these conclusions.

For the foregoing reasons, and the reasons set forth in the court's 11 April 2017 and 23 January 2018 orders, petitioner's amended § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), and therefore, a certificate of appealability is DENIED. The Clerk is DIRECTED to enter judgment and close this matter.

This 19 October 2018.

 _____
W. Earl Britt
Senior U.S. District Judge