| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BRANDON LASHON INGRAM, ) | |
| ) | |
| Defendant. ) | |

On September 19, 2021, Brandon Lashon Ingram ("Ingram" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 178] and moved for appointment of counsel pursuant to standing order 19-SO-3 [D.E. 179]. The court granted the motion to appoint counsel [D.E. 180]. On November 5, 2021, Ingram, through counsel, filed a memorandum and exhibits in support [D.E. 187]. On November 18, 2021, the government responded in opposition [D.E. 190]. On October 5, 2022, Ingram filed a letter and an additional exhibit [D.E. 191]. As explained below, the court denies Ingram's motion.

I.

On June 8, 2012, a unanimous jury found Ingram guilty of conspiracy to possess with intent to distribute and distribute 280 grams or more of cocaine base ("crack") and a quantity of cocaine, three counts of distribution of a quantity of cocaine, and distribution of a quantity of cocaine base ("crack"). See [D.E. 78]; [D.E. 76]. On November 5, 2012, the court held Ingram's sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR"), and resolved Ingram's objections. See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 91]; Sent. Tr. [D.E. 110].

The court calculated Ingram's total offense level to be 40, his criminal history category to be VI, and his advisory guideline range to be 360 months' to life imprisonment on count one and 240 months' imprisonment on counts three, four, five, and six. See Sent. Tr. at 16. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Ingram to 360 months' imprisonment on count one and 240 months' concurrent imprisonment on counts three, four, five, and six. See [D.E. 101]; Sent. Tr. at 29–30. On November 8, 2012, Ingram appealed [D.E. 99]. On February 19, 2014, the Fourth Circuit affirmed. See United States v. Ingram, 556 F. App'x 203 (4th Cir. 2014) (per curiam) (unpublished); [D.E. 119].

On October 5, 2015, Ingram moved pro se under 28 U.S.C. § 2255 to correct, vacate, or set aside his conviction and sentence [D.E. 122]. On June 21, 2016, Ingram, through counsel, amended his section 2255 motion [D.E. 137]. On April 25, 2017, the government moved to dismiss [D.E. 148]. On October 19, 2018, the court dismissed Ingram's motion [D.E. 165]. On December 17, 2018 Ingram appealed the dismissal [D.E. 168]. On June 24, 2019, the Fourth Circuit dismissed the appeal. See United States v. Ingram, 771 F. App'x 297 (4th Cir. 2019) (per curiam) (unpublished); [D.E. 171].

On September 16, 2021, Ingram moved pro se for compassionate release. See [D.E. 178]. On November 5, 2021, Ingram, pro se, filed a memorandum in support. See [D.E. 187]. The government opposes the motion. See [D.E. 190].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community.

2

18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d

3

402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

As for the exhaustion requirements, the government concedes that Ingram applied for compassionate release twice and that the warden denied his request. See [D.E. 190] 3. Thus, the court assumes that Ingram met the exhaustion requirement and addresses Ingram's motion on the merits. See Muhammad, 16 F.4th at 130.

As for the "other reasons" policy statement, Ingram claims that the court failed to have the jury determine the amount of the cocaine base ("crack") attributable to Ingram in count one. This

4

claim, however, attacks the validity of Ingram's sentence and is not properly raised in a motion for compassionate release. See McCoy, 981 F.3d at 287 ("[T]he very purpose of [section] 3582(c)(1)(A) is to provide a 'safety valve' that allows for sentence reductions when there is not a specific statute that already affords relief . . . ."); United States v. Handerhan, 789 F. App'x 924, 926 (3d Cir. 2019) (per curiam) (unpublished) ("[Section] 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity."); United States v. Shull, No. 1:04-cr-18, 2022 WL 179141, at *3 (W.D.N.C. Jan. 19, 2022) (unpublished); United States v. Ferguson, No. 3:04-cr-13-01, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021) (unpublished) ("The compassionate release statute allows the court to consider extraordinary and compelling reasons warranting compassionate release, but it does not replace the established mechanism for challenging the validity of a sentence. Nor does it allow the defendant to make arguments that were, or could have been, raised in direct appeal or collateral review.").

Alternatively, to the extent Ingram challenges the validity of his sentence based on the jury's alleged failure to determine the drug weight of 280 grams or more of cocaine case ("crack") in count one ([D.E. 187] 6–7), the court construes Ingram's motion as a motion under 28 U.S.C. § 2255. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); cf. United States v. Copeland, No. 2:13cr91, 2021 WL 3932445, at *2–5 (E.D. Va. Sept. 1, 2021) (unpublished); United States v. Artis, No. 3:13-cr-218-DSC-1, 2021 WL 2518219, at *3 (W.D.N.C. June 18, 2021) (unpublished). The court dismissed Ingram's challenge to his conviction and sentence under 28 U.S.C. § 2255. See [D.E. 165]. The Fourth Circuit dismissed Ingram's appeal. See Ingram, 771 F. App'x 297; [D.E. 168]. Ingram may not bring a second or successive section 2255 motion absent certification by the Fourth Circuit. See 28 U.S.C. § 2255(h); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), abrogated in part on other grounds

by United States v. McRae, 793 F.3d 392 (4th Cir. 2015). Thus, the court dismisses Ingram's claim challenging the validity of his sentence.

Alternatively, Ingram challenged his conviction on count one (including the jury's drug weight determination) and lost. See Ingram, 556 F. App'x at 208–10. Ingram cannot use 28 U.S.C. § 2255 to recharacterize a claim that he raised and lost on direct appeal. See, e.g., Bousley v. United States, 523 U.S. 614, 622–23 (1998); United States v. Frady, 456 U.S. 152, 164–65 (1982); United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Roane, 378 F.3d 382, 296 n.7 (4th Cir. 2004); Boekenhaupt v. United States, 537 F.2d. 1182, 1183 (4th Cir. 1976) (per curiam). Moreover, the jury instructions concerning count one in this case expressly referenced the drug weight of 280 grams or more of cocaine base ("crack") and the jury necessarily found that drug weight reasonably foreseeable to Ingram in order to convict Ingram on count one. See [D.E. 76]; Ingram, 556 F. App'x at 208–10. Thus, even if the court could grant compassionate release, Ingram's claim does not warrant compassionate release under the other reasons policy statement.

Ingram also seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (kidney disease, IVC filter, hepatitis B, high cholesterol, obesity, bullet lodged in his verterbra), his release plan, his rehabilitative efforts, his time served, and his supportive family. See [D.E. 187] 7–11; [D.E. 188] 6, 8–10; [D.E. 187-2].

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Ingram is 41 years old and suffers from kidney disease, has an IVC filter, hepatitis B,

6

high cholesterol, obesity, and a bullet lodged in his verterbra. See [D.E. 187] 7–11; [D.E. 188] 6, 8–10. His medical conditions are under control. See [D.E. 188].

Ingram argues that his medical conditions put him at heightened risk of serious infection or death from COVID-19. See [D.E. 187] 7–11. However, Ingram received two doses of the Pfizer COVID-19 vaccine. See [D.E. 190-1]. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No.

7

21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Ingram from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Ingram's medical conditions, his release plan, his rehabilitative efforts, his time served, and his supportive family are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Ingram's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

Ingram is incarcerated for conspiracy to possess with intent to distribute and distribute 280 grams or more of cocaine base ("crack") and a quantity of cocaine, three counts of distribution of a quantity of cocaine, and distribution of a quantity of cocaine base ("crack"). See PSR ¶¶ 1–12. From 2010 to 2012, Ingram was a large-scale, multi-drug trafficker, dealing marijuana, cocaine, and cocaine base ("crack"). See id. ¶¶ 10–12. Ingram's latest criminal conduct is nothing new. See id. ¶¶ 14–19. Before his federal conviction, Ingram had felony convictions for attempted robbery with a dangerous weapon, eluding arrest with a motor vehicle with three aggravating factors, possession of a controlled substance in prison, possession with intent to sell and deliver cocaine, and second

8

degree kidnapping. See id. Ingram also had misdemeanor convictions for shoplifting and fleeing or eluding arrest with a motor vehicle. See id.

Ingram has a poor record while federally incarcerated. Ingram has earned his GED and has taken classes on personal management, parenting, and drug abuse awareness, among other topics. See [D.E. 185]; [D.E. 185-1]; [D.E. 187-1]; [D.E. 191-1]. Ingram, however, has incurred ten infractions, including serious infractions for drug possession, drug use, and repeatedly possessing a hazardous tool (i.e., a cell phone). See [D.E. 182-2]; [D.E. 190] 3. This court considers possession of a cell phone in prison to be an extraordinarily serious offense. See United States v. Melton, 761 F. App'x 171, 173–77 (4th Cir. 2019) (per curiam) (unpublished).

The court must balance Ingram's serious criminal conduct, his substantial criminal history, his serious misconduct in federal custody, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; United States v. Roane, ___ F.4th ___, ___ Nos. 20-14 & 20-16, 2022 WL 10217083, at *8–9 (4th Cir. 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Ingram's potential exposure to COVID-19, his medical conditions, his release plan, his rehabilitative efforts, his time served, and his vaccinated status. Ingram has a release plan that includes living with his friend, Dominique Everett, and working at Wilson Cleaning Service. See [D.E. 187] 11. The court recognizes Ingram has supportive friends and family. See id.; [D.E. 187-2]. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Ingram's arguments, the government's persuasive response, the need to punish Ingram for his serious criminal behavior, to incapacitate Ingram, to promote respect for the law, to deter others, and to protect society, the court denies Ingram's motion for compassionate

9

release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Roane, ___ F.4th at ___, 2022 WL 10217083, at *8–9; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 178].

SO ORDERED. This _8_ day of November, 2022.

JAMES C. DEVER III
United States District Judge